HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LESTER A. FERGUSON,<br><br>    Plaintiff,<br><br>v.<br><br>US DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT (HUD), et al.,<br><br>    Defendants. | CASE NO. C14-5950 RBL<br><br>ORDER DENYING MOTION FOR LEAVE TO PROCEED IFP AND FOR APPOINTMENT OF COUNSEL<br><br>[Dkt. #s 1 and 2] |

THIS MATTER is before the court on Plaintiff Ferguson's Motion for Leave to Proceed *in forma pauperis* and for an appointment of counsel [Dkt. #s 1 and 2]. Ferguson is apparently disabled, indigent, and a veteran. His complaint is exceedingly difficult to read, but it appears that he moved into a "federally funded apartment building, the Willows, in August 2014. He obtained a second floor unit, but quickly realized he could not navigate the stairs. He sought a first floor unit, and was denied. A few months later he was offered a first floor unit but it had wood floors and that too presented an insurmountable access issue, for reasons that are not clear.

Ferguson's proposed complaint sues the VA, HUD, The Willows apartment, and its manager, Brendon Swegler, for discriminating against him on the basis of his disability, in violation of the Fair Housing Act. He also claims that he was not provided a "reasonable accommodation."

1    A district court may permit indigent litigants to proceed *in forma pauperis* upon
2 completion of a proper affidavit of indigency.  *See* 28 U.S.C. § 1915(a).  The court has broad
3 discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil
4 actions for damages should be sparingly granted."  *Weller v. Dickson*, 314 F.2d 598, 600 (9th
5 Cir. 1963), *cert. denied* 375 U.S. 845 (1963).  Moreover, a court should "deny leave to proceed
6 *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the
7 action is frivolous or without merit."  *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369
8 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i).  An *in forma pauperis*
9 complaint is frivolous if "it ha[s] no arguable substance in law or fact."  *Id.* (citing *Rizzo v.*
10 *Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir.
11 1984).

12   An indigent plaintiff in a civil case has no constitutional right to counsel unless he may
13 lose his physical liberty if he loses the litigation. *See Lassiter v. Dept. of Social Servs.*, 452 U.S.
14 18, 25 (1981). However, pursuant to 28 U.S.C. § 1915(e)(1), the Court has discretion to appoint
15 counsel for indigent litigants who are proceeding *in forma pauperis*. *United States v.*
16 *$292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995).

17   The Court will appoint counsel only under "exceptional circumstances." *Id.*; *Wilborn v.*
18 *Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). "A finding of exceptional circumstances
19 requires an evaluation of both the likelihood of success on the merits and the ability of the
20 plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved."
21 *Wilborn*, 789 F.2d at 1331 (internal quotations omitted). These factors must be viewed together
22 before reaching a decision on whether to appoint counsel under § 1915(e)(1). *Id.*

23

24

1   Ferguson has not demonstrated that he is entitled to proceed *in forma pauperis*, or that he
2 is entitled to the appointment of counsel. The complaint he seeks to file does not articulate the
3 "who what when why or how" of a discrimination claim under the FHA.  The VA's and HUD's
4 involvement is not explained at all.  The claim against Willows and its manager appear to be
5 based only on his claim that he did not like the apartment he rented and, in exchange, they
6 offered him only a different one that had a different defect. He does not show that an apartment
7 he deems reasonable was even available. His factual allegations do not describe any
8 discrimination on the basis of disability, at all.

9   The motion to proceed *in forma pauperis* is DENIED. **Plaintiff shall pay the filing fee**
10 **or submit a proposed amended complaint addressing these deficiencies within 15 days or**
11 **the case will be dismissed without further notice.**  The amended complaint should articulate
12 what each defendant *actually did* that is actionable discrimination under the FHA.  If at all
13 possible, it should also be typed, or at least more clearly handwritten.

14   For the same reasons, Ferguson has not established any likelihood of success on the
15 merits of his claim, and he has not shown the "exceptional circumstances" required for this court
16 to appoint an attorney at public expense to represent him in asserting these claims.  The Motion
17 for Appointment of counsel is similarly DENIED.

18   IT IS SO ORDERED.

19   Dated this 19th day of February, 2015.

20
21                              _____
                                    RONALD B. LEIGHTON
22                                  UNITED STATES DISTRICT JUDGE
23
24